575 N.E.2d 932 (1991)
216 Ill. App.3d 668
159 Ill.Dec. 125
In re S.G., T.G., and B.G., Minors.
(The People of the State of Illinois, Petitioner-Appellee,
v.
A.G. and C.G., Respondents-Appellants).
No. 2-90-0880.
Appellate Court of Illinois, Second District.
July 11, 1991.
Rehearing Denied August 21, 1991.
*933 William E. Coffin (argued), Guardianship & Advocacy Com'n, Elgin, for Allen Gilmore, Cheryl Gilmore.
Gary V. Johnson, Kane County State's Atty., Geneva, William L. Browers, Deputy Director, State's Attys. Appellate Prosecutor, Mary Beth Burns (argued), Elgin, for People.
Justice McLAREN delivered the opinion of the court:
Respondents, Allen and Cheryl G. (respondents), appeal from the trial court's order finding them unfit parents and terminating their parental rights. We reverse.
In March 1986, the respondents' three children, S.G., T.G., and B.G., were adjudged to be neglected minors and were placed with guardians or foster parents. In October 1989, the State filed a petition for termination of parental rights, seeking to terminate the respondents' parental rights to all three children. Following a bench trial, the court found the respondents unfit and terminated their parental rights on July 10, 1990. The respondents' motion to vacate or for a new hearing was denied. This appeal followed.
The respondents contend that the trial court's order terminating their parental rights was not supported by the evidence. Parental rights of a nonconsenting parent may only be terminated upon an adjudication of unfitness. (In re Paul (1984), 101 Ill.2d 345, 351, 78 Ill.Dec. 149, 461 N.E.2d 983.) A finding of unfitness must be supported by clear and convincing evidence. (Paul, 101 Ill.2d at 352, 78 Ill. Dec. 149, 461 N.E.2d 983; In re Henry *934 (1988), 175 Ill.App.3d 778, 790, 125 Ill.Dec. 413, 530 N.E.2d 571.) The trial court's findings are to be given great deference and will only be overturned on appeal if they are against the manifest weight of the evidence. (Henry, 175 Ill.App.3d at 790, 125 Ill.Dec. 413, 530 N.E.2d 571.) Our review of the evidence leads us to conclude that the trial court's finding of unfitness is not supported by the evidence.
The respondents were found to be unfit because both parents "failed to make reasonable progress or efforts to correct the conditions which were the basis for the removal of the minors or to make reasonable progress toward the return of the minors within 12 months after [sic] the adjudication of neglect." These are independent bases for a finding of unfitness. (Henry, 175 Ill.App.3d at 790, 125 Ill.Dec. 413, 530 N.E.2d 571.) Initially, we must note that the proper first basis is "failure by a parent to make reasonable efforts to correct the conditions which were the basis for the removal" of the child (emphasis added) (Ill.Rev.Stat.1989, ch. 40, par. 1501 D(m)); "progress" is not an element of this basis. Whether a parent has made reasonable efforts to correct the conditions involves a subjective judgment based upon the amount of effort which is reasonable for a particular person. (Henry, 175 Ill. App.3d at 790, 125 Ill.Dec. 413, 530 N.E.2d 571.) On the other hand, a parent's reasonable progress toward the return of the children involves an objective judgment based upon progress measured from the conditions in existence when custody was taken from the parent and requires demonstrable movement toward the goal of reunification. Henry, 175 Ill.App.3d at 790-91, 125 Ill.Dec. 413, 530 N.E.2d 571.
We first address the "reasonable efforts" basis. The respondents' children were originally adjudged neglected in March 1986, in that the "MINORS' ENVIRONMENT IN [sic] INJURIOUS TO THEIR WELFARE." The court heard testimony that the mobile home in which the family resided at the time of the adjudication of neglect was littered with trash, foul smelling, and infested with vermin. In addition, the home contained fire hazards and nonfunctioning doors and windows. However, the court also heard testimony that by March 1988 the respondents had achieved the task of maintaining a clean, safe, hazard-free home, and that the Department of Children and Family Services (DCFS) continued to monitor the situation. The basis for the removal of the children was the injurious environment in the home. The record shows that the respondents made substantial efforts to remedy the situation and were able to achieve that goal, pending continuing compliance. Therefore, the record does not support this basis for termination of the respondents' parental rights. However, as the language of subsection 1 D(m) is in the disjunctive, either a failure to make reasonable efforts or reasonable progress can be grounds for an adjudication of unfitness. (In re Bennett (1980), 80 Ill.App.3d 207, 210, 35 Ill.Dec. 669, 399 N.E.2d 735.) We must, therefore, further examine the court's finding that the respondents did not make reasonable progress towards the return of their children.
As stated above, this basis involves an objective judgment based on measurable progress from the conditions present at the time custody was taken from the parents and requires demonstrable movement toward the goal of reunification. (See Henry, 175 Ill.App.3d at 790-91, 125 Ill.Dec. 413, 530 N.E.2d 571.) In the case before us, Greg Liepitz from DCFS testified that the ultimate goal of family reunification was to be achieved through the accomplishment of objectives established by DCFS. Reviews of the respondents' progress toward achieving these objectives were held every six months after the children were adjudged neglected. Liepitz testified that the respondents had made "satisfactory" progress at each six-month review toward the objective of correcting the problem that led to placement of the children, including achieving the task of maintaining a safe, clean, hazard-free home. Liepitz also testified that the respondents had achieved the other objectives of regular visitation with their children and regularly attending counseling *935 sessions at Ecker Mental Health Center. In addition, the respondents attended parenting classes recommended by DCFS and the semiannual reviews of the respondents' progress held by DCFS. There can be little doubt from this evidence that the respondents made substantial, measurable progress from the conditions which necessitated the removal of the children. The State argues that the respondents "cannot nurture and care for their children" and that they "have made no measurable progress in genuinely interacting with their children." These accusations, however, were not at issue before the court. The inability to nurture or interact is not a proper statutory basis for the removal of children in this State. The children were originally taken away from the respondents because of the "injurious" environment at home; having made progress toward correcting that problem, the respondents should not have their parental rights terminated for these other nebulous, uncharged reasons. To decide otherwise would allow the State to terminate parental rights for nonstatutory reasons which were originally uncharged and which parents have no reason to know are possible bases for removal of their children. The termination of parental rights is as drastic and permanent an action as can be taken by a court. (Blakey v. Blakey (1979), 72 Ill. App.3d 946, 947, 29 Ill.Dec. 63, 391 N.E.2d 222.) Because we find that the respondents made both reasonable efforts and reasonable progress, the trial court's order terminating the respondents' parental rights must be reversed.
Because of our disposition of this issue, we will not address the respondents' remaining issues.
For these reasons, the judgment of the circuit court of Kane County is reversed.
Reversed.
DUNN and NICKELS, JJ., concur.